**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

| | | |
|---|---|---|
| **MICHAEL SHAWN BILLUPS,** | **)** | |
| | **)** | |
| **Plaintiff,** | **)** | |
| **v.** | **)** | **Civil Action No. 3:17-03788** |
| | **)** | |
| **WESTERN REGIONAL JAIL, *et al.*,** | **)** | |
| | **)** | |
| **Defendants.** | **)** | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is the issue as to whether Plaintiff has failed to prosecute this civil action. For the reasons explained below, the undersigned respectfully recommends that the District Court dismiss this action without prejudice and deny Defendants Carr and Nurse Suzie's pending "Motion to Dismiss Amended Complaint and Alternative Motion for Summary Judgment" (Document No. 16), Defendant Western Regional Jail's pending "Motion to Dismiss" (Document No. 21) and Defendant Baldera's pending "Motion to Dismiss Amended Complaint and Alternative Motion for Summary Judgment" (Document No. 28) as moot.

## PROCEDURE AND FACTS

On August 10, 2017, Plaintiff, acting *pro se,* filed his Motion to Proceed Without Prepayment of Fees and Complaint claiming entitlement to relief pursuant to Title 42 U.S.C. § 1983.[1] (Document Nos. 1 and 2.) In his Complaint, Plaintiff named the following as Defendants: (1) Western Regional Jail ["WRJ"]; and (2) Medical Staff. (Document No. 2.) Plaintiff appears to allege that Defendants acted with negligence and violated his constitutional rights under the

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Eighth Amendment by failing to provide him with appropriate and necessary medical care. (Id.) Specifically, Plaintiff alleges that he has had "a very bad ear infection now for over a month, [he] can't hear out of [his] left ear hardly, and [he has] a tumor on the left side of [his] back." (Id., p. 4.) Plaintiff acknowledges that he has been evaluated by a doctor, who determined that Plaintiff had an ear infection and a lymphoma tumor on his back. (Id.) Plaintiff further acknowledges that the doctor prescribed ear drops to treat his ear infection. (Id.) Plaintiff, however, complains that more than three weeks has passed and no ear drops have been provided to Plaintiff. (Id.) Next, Plaintiff complains that the doctor stated "he can't do anything about the tumor on [Plaintiff's] back at the regional." (Id.) Plaintiff alleges that he informed the doctor that the tumor was "growing and hurting" and requested that an x-ray, MRI, or CT scan be conducted. (Id.) Plaintiff complains that the doctor denied his request stating that "it would not do any good." (Id.) Plaintiff states that he is concerned the tumor could be cancerous. (Id.) As relief, Plaintiff requests monetary damages, medical treatment, and immediate transfer from the Western Regional Jail. (Id.)

By Memorandum Opinion and Order entered on August 10, 2017, United States Magistrate Judge Cheryl A. Eifert granted Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, directed the Clerk to issue a summons for each Defendant, and directed the United States Marshals Service to serve the Summons and a copy of Plaintiff's Complaint upon each Defendant. (Document No. 4.) Judge Eifert further advised Plaintiff that to state a cause of action for money damages under Section 1983, Plaintiff must show that a "person" was acting under color of state law and deprived Plaintiff of federally protected civil rights, privileges, or immunities. (Id.) Therefore, Judge Eifert directed Plaintiff to amend his

complaint if he was claiming that a "person" violation his constitutional rights. (Id.)

On August 24, 2017, Plaintiff filed his Amended Complaint. (Document No. 7.) As Defendants, Plaintiff named the following: (1) Western Regional Jail and Medical Staff; (2) Correctional Officer Wade; (3) Medical Supervisor Michelle Carr; (4) Nurse Suzie; and (5) Doctor John Doe. (Id.) First, Plaintiff alleges that he evaluated by Doctor John Doe for an ear infection and ear drops were prescribed for treatment. (Id.) Plaintiff alleges that Nurse Suzie was in charging of getting the prescription filled, but Plaintiff checked the status twice a day for well over a month and Nurse Suzie advised that she would "check on it." (Id.) Plaintiff states that he file a grievance with Michelle Carr, who responded that she would reorder the medication. (Id.) Despite the foregoing, Plaintiff states that he never received the medication and he is "sure" has "ear damage in [his] left ear." (Id.) Next, Plaintiff alleges that Doctor John Doe diagnosed him with lymphoma on his back. (Id.) Plaintiff states that he explained to Doctor John Doe that the tumor started out small and now is the size of a baseball. (Id.) Plaintiff complains that even though he requested an appointment with an "outside hospital to make sure it isn't cancer," Doctor John Doe informed Plaintiff that such would "take a very long time." (Id.) Plaintiff further complains that Doctor John Doe has failed to order an MRI or other test to "find out if it is cancer or not." (Id.) Third, Plaintiff alleges that Officer Wade failed to respond to his "call button" after lockdown on August 3, 2017. (Id.) Plaintiff alleges that he pressed the "call button" to request medical attention due to pain from the tumor on his back. (Id.) Plaintiff, however, alleges that Officer Wade never responded to the "call button." (Id.) As relief, Plaintiff request his transfer from WRJ and "whatever compensation for the pain and suffering the court deems appropriate." (Id.)

By Order entered on August 25, 2017, Judge Eifert directed the Clerk to issue a summons for Correctional Officer Wade, Medical Supervisor Michelle Carr, and Head Nurse Suzie and directed the United States Marshals Service to serve the Summons and a copy of Plaintiff's Complaint and Amended Complaint upon each Defendant. (Document No. 8.)

On September 21, 2017, Defendants Carr and "Nurse Suzie" filed their "Motion to Dismiss Amended Complaint and Alternative Motion for Summary Judgment" and Memorandum in Support. (Document Nos. 16 and 17.) Defendants Carr and Suzie argue that Plaintiff's claims should be dismissed based on the following: (1) "Plaintiff's claims should be dismissed for failure to state a claim upon which relief can be granted" (Document No. 17, pp. 3 – 4.); (2) Plaintiff failed to exhaust his administrative remedies (Id., pp. 4 - 7.); (3) "Plaintiff's claims do not meet the legal threshold for a viable Eighth Amendment claim" (Id., pp. 7 – 9.); and (4) "Plaintiff has failed to comply with the Notice of Claim and Screening Certificate of Merit requirements of the MPLA" (Id., pp. 9 – 11.). As Exhibits, Defendants attach a copy of the following: (1) A copy of Plaintiff's pertinent medical records (Document Nos. 16-1, 16-2, and 16-3.); (2) A copy of the Affidavit of Krista Vallandingham (Document No. 16-4.); and (3) A copy of Plaintiff's grievance (Document No. 16-5.).

On September 22, 2017, the above civil action was transferred from Judge Eifert to the undersigned for total pretrial management and submission of proposed findings of fact and recommendations for disposition. (Document No. 18.) Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on September 25, 2017, advising him of the right to file a response to Defendants Carr and Suzie's "Motion to Dismiss Amended Complaint and Alternative Motion for Summary Judgment." (Document No. 20.) By Order entered on

September 22, 2017, the undersigned noted that following a review of Defendants Carr and Suzie's "Motion to Dismiss Amended Complaint and Alternative Motion for Summary Judgment," Memorandum in Support, and attached Exhibits, it appeared that Dr. Alfred Baldera may be the identity of "Doctor John Doe." (Document No. 19.) The undersigned, therefore, directed Plaintiff to review the above documents and notify the Court as to whether Dr. Alfred Baldera was the identity of "Doctor John Doe." (Id.)

On September 29, 2017, Defendant WRJ filed its "Motion to Dismiss" and Memorandum in Support. (Document Nos. 21 and 22.) Defendant WRJ argues that Plaintiff's claims should be dismissed as an improper party. (Id.) Specifically, Defendant WRJ explains that it is not a municipality or political subdivision, and is not listed or otherwise identified as a business organization or any other organization with the West Virginia Secretary of State." (Id.) Defendant WRJ, therefore, requests Plaintiff's claims be dismissed. (Id.) Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on October 3, 2017, advising him of the right to file a response to Defendant WRJ's Motion to Dismiss. (Document No. 24.)

Also on September 29, 2017, Plaintiff notified the Court by letter, in pertinent part, as follows:

> Since this case has started they have took me to an outside hospital for my back. I am willing to drop the case against all defendants in exchange to move me out of Western Regional to another Regional or DOC facility that is the only relief I ask from this case. If the defendants or WRJ can't agree to this relief, then I shall proceed. Yes, the Doctor John Doe is Dr. Alfred Baldera[1] and I never refused treatment for my ears.

(Document No. 23.) By Order entered on October 23, 2017, the undersigned substituted Dr.

Alfred Baldera for "Doctor John Doe" directed the service of process upon Defendant Baldera. (Document No. 25.)

On November 3, 2017, Defendant Baldera filed his "Motion to Dismiss Amended Complaint and Alternative Motion for Summary Judgment" and Memorandum in Support. (Document Nos. 28 and 29.) Defendant Baldera argues that Plaintiff's claims should be dismissed based on the following: (1) Plaintiff's claims fail to state a claim upon which relief can be granted (Document No. 29, pp. 3 – 4.); (2) Plaintiff failed to exhaust his administrative remedies (Id., pp. 4 – 7.); (3) Plaintiff's claims do not meet the legal threshold for a viable Eighth Amendment claim (Id., pp. 7 – 9.); and (4) Plaintiff has failed to comply with the Notice of Claim and Screening Certificate of Merit requirements of the MPLA (Id., pp. 9 – 11.) As Exhibits, Defendant Baldera attaches the following: (1) A copy of Plaintiff's pertinent medical records (Document Nos. 28-1, 28-2, and 28-3.); (2) A copy of the Affidavit of Krista Vallandingham (Document No. 28-4.); and (3) A copy of Plaintiff's grievance (Document No. 28-5.). Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on November 6, 2017, advising him of the right to file a response to Defendant WRJ's Motion to Dismiss. (Document No. 30.)

Despite being warned by the Court in accordance with Roseboro that inaction could result in dismissal of his Complaint, Plaintiff did not file a response to Defendants Carr and Nurse Suzie's "Motion to Dismiss Amended Complaint and Alternative Motion for Summary Judgment" (Document No. 16), Defendant WRJ's "Motion to Dismiss" (Document No. 21), or Defendant Baldera's "Motion to Dismiss Amended Complaint and Alternative Motion for

Summary Judgment" (Document No. 28). After noting Plaintiff's lack of activity in this case, the undersigned issued an Order on May 4, 2018, directing Plaintiff to "show cause in writing on or before May 21, 2018, as to why this civil action should not be dismissed for failure to prosecute." (Document No. 33.) The undersigned specifically notified Plaintiff that if he had abandoned his intent to proceed in this action, the Court found no need to consider the merits of the pending Motions to Dismiss, or in the Alternative, Motions for Summary Judgment (Document Nos. 16, 21, 28). (Id.) Plaintiff has made no contact with this Court since September 29, 2017, when he indicated his interest in abandoning the action if he was transferred to a different institution. (Document No. 23.) The WV Department of Corrections' website indicates that Plaintiff has since been transferred from Western Regional Jail to Pruntytown Correctional Center.

## ANALYSIS

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the inherent power to dismiss an action for a *pro se* plaintiff's failure to prosecute *sua sponte*.[2] See Link v. Wabash Railroad Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962)("The authority of a federal trial court to dismiss a plaintiff's action with prejudice

---

[2] Rule 41(b) of the Federal Rules of Civil Procedure provides:

> **(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to comply with these rules or any order of court, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - - operates as an adjudication on the merits.

because of his failure to prosecute cannot seriously be doubted."); United States ex. rel. Curnin v. Bald Head Island Ltd., 381 Fed.Appx. 286, 287 (4th Cir. 2010)("A district court has inherent authority to dismiss a case for failure to prosecute, and Rule 41(b) 'provides an explicit basis for the sanction.'")(quoting Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991)). Rule 41.1 of the Local Rules provides:

> **Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

Although the propriety of a dismissal "depends on the particular circumstances of the case," in determining whether to dismiss a case involuntarily for want of prosecution, the District Court should consider the following four factors:

> (i) the degree of personal responsibility of the plaintiff;
> (ii) the amount of prejudice caused the defendant,
> (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and
> (iv) the existence of a sanction less drastic than dismissal.

Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). The foregoing factors are not meant to be applied as a rigid, formulaic test, but rather serve to assist the Court, along with the particular circumstances of each case, in determining whether dismissal is appropriate. Id. In consideration of the first factor, the Court finds no indication that anyone other than Plaintiff is responsible for his lack of participation. Since September 29, 2017, Plaintiff has done absolutely nothing to demonstrate an interest in prosecuting this action. Plaintiff failed to take action despite his

receipt of Defendants Carr, Nurse Suzie, WRJ, and Baldera's Motions to Dismiss, or in the Alteranative, Motions for Summary Judgment (Document Nos. 16, 21, 28) and the Roseboro Notices (Document Nos. 20, 24, 30) issued by this Court. The Court notes that there is no indication that forces beyond Plaintiff's control are the cause of his neglect. Thus, the undersigned concludes that Plaintiff is solely responsible for his lack of participation in the instant action.

Consideration of the second factor reveals little to no prejudice to the Defendants. Although Defendants have filed Motions to Dismiss, or in the Alternative, Motions for Summary Judgment, there is no indication that Defendants have expended sufficiently time or resources defending Plaintiff's action. Defendant WRJ requests dismissal on the sole ground that it is an improper party. Defendants Carr, Nurse Suzie, and Baldera request dismissal based upon Plaintiff's alleged failure to exhaust his administrative remedies, failure to state a claim, and failure to comply with the MPLA. Thus, the undersigned finds that dismissal for failure to prosecute would result in little to no prejudice to the Defendants.

With respect to the third factor, the Court will consider whether Plaintiff has a history of "deliberately proceeding in a dilatory fashion." The record is void of any evidence that Plaintiff has been "deliberately" dilatory. Plaintiff, however, has completely failed to take any action in these proceedings for nearly eight months. This Court has determined that "only a history of dilatory action" by a plaintiff weighs in favor of dismissal under the third factor. See Hanshaw v. Wells Fargo Bank, N.A., 2014 WL 4063828, * 4 (S.D.W.Va. Aug. 14, 2014)(J. Johnston)("[A]lthough the Court lacks sufficient facts to determine whether Plaintiffs' failure to act is deliberate, in light of the absolute failure to participate in this civil action since the stay

was lifted, the Court finds that [the third] factor weighs against Plaintiff.") Accordingly, the undersigned finds the above factor weighs against Plaintiff.

In consideration of the fourth factor, the Court acknowledges that a dismissal under either Rule 41(b) or Local Rule 41.1 is a severe sanction against Plaintiff that should not be invoked lightly. The particular circumstances of this case, however, do not warrant a lesser sanction. An assessment of fines, costs, or damages against Plaintiff would be unjust in view of Plaintiff's status as an indigent, *pro se* litigant. Moreover, explicit warnings of dismissal would be ineffective in view of Plaintiff's failure to respond to the Roseboro Notices and the show cause order. In consideration of all factors, the undersigned concludes that dismissal for failure to prosecute is warranted. Accordingly, the undersigned recommends that this action be dismissed without prejudice[3] unless Plaintiff is able to show good cause for his failure to prosecute.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Plaintiff's Complaints (Document Nos. 2 and 7) without prejudice, **DENY as moot** Defendants Carr and Nurse Suzie's "Motion to Dismiss Amended Complaint and Alternative Motion for Summary Judgment" (Document No. 16), Defendant WRJ's "Motion to Dismiss" (Document No. 21) and Defendant Baldera's "Motion to Dismiss Amended Complaint and Alternative Motion for Summary Judgment" (Document No. 28), and remove this matter from the Court's docket.

[3] Rule 41(b) provides for dismissal with prejudice "[u]nless the dismissal order states otherwise." The undersigned recommends dismissal without prejudice because there is no evidence that Plaintiff acted "deliberately" in his failure to prosecute or that Plaintiff initiated this action in bad faith. *See Hanshaw*, 2014 WL 4063828, at * 5.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Robert C. Chambers. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Chambers and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: May 24, 2018.

Omar J. Aboulhosn
United States Magistrate Judge